IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LUIS HERNANDEZ-ORTEGA** | § | |
| | § | A-13-CV-743 LY |
| V. | § | (A-09-CR-580 JRN) |
| | § | |
| **WARDEN** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Luis Hernandez-Ortega's Motoin to Set Aside, or Correct Sentence by a Person in Federal Custody, filed on August 26, 2013 (Civil Dkt. # 1). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

Petitioner Luis Hernandez-Ortega ("Ortega") is an alien and citizen of Mexico. On February 20, 2008, Ortega was removed from the United States through Hildalgo, Texas, pursuant to a reinstated order of an immigration judge. On October 1, 2009, Ortega was found by ICE agents in Travis County Jail following his arrest by local law enforcement. On November 17, 2009, Ortega was indicted for illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326. On December 2, 2009, Ortega pled guilty to the sole-count of the Indictment. On February 26, 2010, the District Court sentenced Ortega to 18 months imprisonment, a three-year term of supervised release, and a special assessment of $100. See Judgment in A-09-CR-580 JRN. Ortega did not file a direct appeal of this conviction and sentence.

On February 10, 2011, Ortega was arrested in Kenedy County, Texas, for once again illegally reentering the United States without having obtained consent to reapply for admission. After pleading guilty to a violation of 8 U.S.C. § 1326, the District Court in the Corpus Christi Division of the Southern District of Texas sentenced Ortega to 27 months imprisonment, a three-year term of supervised release and a $100 special assessment. See 2:11-CR-257(1). Ortega appealed his sentence to the Fifth Circuit which dismissed his appeal as frivolous. *See United States v. Luis Hernandez-Ortega*, No. 11-40769 (5th Cir. June. 19, 2012). Ortega is presently incarcerated in the Reeves County Detention Center in Pecos, Texas.

On August 26, 2013, Ortega filed the instant Petition for Writ of Habeas Corpus, pursuant to § 2241. In the Petition, Ortega argues that his sentence violates the Ex Post Facto clause of the United States Constitution.[1] Because Ortega is attacking errors that occurred at or prior to his sentencing, his claims are outside the proper scope of a § 2241 petition. "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451(5th Cir. 2000). A § 2241 petition attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. A § 2255 motion, by contrast, "provides the primary means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under § 2255 is warranted for errors cognizable on collateral review that "occurred at or prior to sentencing," and must be filed in the sentencing court. *Id.* at 1113.

---

[1] Ortega has filed a similar motion in his criminal case pending in the Southern District of Texas which has been construed as a § 2255 Motion. See "Order Recharacterizing as a Motion Pursuant to 28 U.S.C. § 2255 (Dkt. # 42 in 2:11-CR-257(1)).

The Fifth Circuit has observed that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), the District Court warned Ortega that it intended to recharacterize his § 2241 Petition as a § 2255 Motion to provide Ortega with "the opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." See September 17, 2013 Order. Ortega did not respond to the District Court's Order. Accordingly, Ortega's § 2241 Petition is now recharacterized as a § 2255 Motion and the Court will now address the Motion.

## II. ANALYSIS

In his § 2255 Petition, Ortega argues that his sentence violates the Ex Post Facto clause of the United States Constitution. The Court is unable to address the merits of Ortega's Motion, however, because it is time-barred. Section 2255, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Ortega has not alleged or produced any evidence or argument that the Government has impeded him from filing a § 2255 Motion prior to the end of the limitations period. Ortega had sufficient knowledge of the facts at a point when he could have timely filed his Petition. He makes no allegation that his claims concern a constitutional right recently recognized by the Supreme Court (or any other court) that would have a retroactive effect on his claims. Thus, subsections (2)-(4) of the one-year limitation rule do not apply in the case at bar. Therefore, Ortega's ability to file a § 2255 motion is governed by subsection (1) of the one year limitation period and the period begins running on the date on which his judgment of conviction became final.

"When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, ⸺ U.S. ⸺, 133 S.Ct. 1282 (2013). Because Ortega did not file a direct appeal of his conviction in this District (A-09-CR-580 JRN), his conviction became final on March 11, 2010, the day when the time for filing a direct appeal expired in his case. See FED. R. APP. P. 4(b)(1)(A) (requiring a defendant to file a notice of appeal within 14 days after the entry of the judgment). Therefore, under the AEDPA, Ortega was required to file a § 2255 motion on or before March 11, 2011. Ortega, however, did not file the instant § 2255 motion until more than two years later, on August 26, 2013. Accordingly, Ortega's § 2255 Motion is time-barred under the AEDPA and must be dismissed. *See United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (holding that § 2255 motion was untimely where petitioner did not file his motion until after the time for filing a timely notice of appeal had expired).

## III. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Luis Hernandez-Ortega's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 as time-barred.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 26th day of November, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE